# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES RICARDO O'NEAL, | Case No. 16-cv-375 (JRT/JSM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| BRENDA JOHNSON,<br>RN Supervisor/Director;<br>AMY JOHNSON,<br>Nurse/Health Services Staff;<br>DR. MANDAC,<br>Physician/Health Services Staff;<br>SGT. VANG,<br>Security Squad;<br>LT. CHARD;<br>TOM SOLES,<br>Psychologist;<br>LT GARY PETERSON,<br>Unit 1;<br>JENIFER SOUTHWICK,<br>On Call Nurse Practitioner;<br>BECKY SKOG,<br>Nurse;<br>SGT. TARDY,<br>Segregation;<br>HEATHER SLETTEN,<br>Grievance Coordinator;<br>GREG SMITH,<br>AWO;<br>AMY NIHART;<br>JIM BENSON,<br>WARDEN;<br>ASHLEY BERTS,<br>Program Director;<br>NANCY STACKIN,<br>Psyc Director;<br>DENTIST;<br>PHYSICAL THERAPIST;<br>CO2 CURADO;<br>CO2 @ VANVOOREN;<br>LT. M. CAREFUL; | |

|   |   |
|---|---|
| LEONARD HURTZ;<br>SGT RINSTROM;<br>BRUCE JULSON;<br>MIKE WARNER;<br>AMBER HALE;<br>MICHELLE SMITH;<br>NATHANIEL MINK;<br>DORIE ROSE;<br>LORETTA RYKS;<br>REGINA STEPNEY;<br>JOHN KING;<br>EDDIE MILES;<br>LT. WILSON;<br>LLOYD GRACHECK;<br>LISA STERSETH;<br>C02 OFFICER COBB;<br>CO2 OFFICER BENZEL;<br>OFFICER ELMORE;<br>LT DEAN HAGEN;<br>DEBORAH MCNEIL;<br>TERRELL BACKES;<br>LT. COSTELLO;<br>LT. MONIO and<br>MIKE GREEN,<br><br>                    Defendants. |   |

Plaintiff Charles Ricardo O'Neal commenced this action by filing a complaint seeking relief for alleged violations of his civil rights under 42 U.S.C. § 1983. [Docket No. 1]. He did not pay any filing fee for this case, but instead applied for leave to proceed *in forma pauperis*, ("IFP"). [Docket Nos. 2, 12, 17]. Because O'Neal was a prisoner at the time he filed his complaint, he was ordered to pay an initial partial filing fee, pursuant to 28 U.S.C. § 1915(b). [Docket No. 10]. After the fee was paid, O'Neal's complaint was screened under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) and he was ordered to file an amended complaint by July 8, 2016 that complied with the Court's instructions. [Docket No. 26]. O'Neal then requested an

extension of time and he was ordered to file his amended complaint no later than August 8, 2016. [Docket No. 27]. The Court warned him that if he did not file his amended complaint by that date, the case would be dismissed for failure to prosecute. [Docket Nos. 26-27].

The August 8, 2016 deadline has now passed and O'Neal has not filed an amended complaint. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Because the case is being recommended for dismissal, it is also recommended that the pending IFP applications [Docket Nos. 2, 12, 17] be denied as moot.

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. This action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute;

2. Plaintiff O'Neal's pending IFP applications [Docket Nos. 2, 12, 17] be denied as moot.

Dated: August 30, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.